

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. W. Vance
County Attorney
Titus County
Mt. Pleasant, Texas

Dear Sir:                    Opinion No. 0-6524
                             Re: Whether Justice of the
                                 Peace may at the same time
                                 hold office or position as
                                 City Tax Collector.

            Your request for opinion has been received
and carefully considered. We quote from your request as
follows:

            "We have a Justice of the Peace in
     this county in a small precinct that pays him
     only a very few fees. He is offered and de-
     sires to accept a position with the City of
     Talco as Collector of taxes and water bills on
     a salary basis. It is not an elective office,
     but is simply employed by the City Commission.

            "Do you construe Art. 380a of the
     Penal Code as forbidding his holding this posi-
     tion. If not is there any other statute, in
     your opinion that would keep him from holding
     this office along with that of Justice of the
     Peace?"

            Article 16, Section 40 of the Constitution of
Texas reads, in part, as follows:

            "No person shall hold or exercise,
     at the same time, more than one civil office
     of emolument, except that of Justice of the
     Peace, County Commissioner, Notary Public
     and. . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Under the express language of this constitutional provision, a person may hold and exercise the office of Justice of the Peace and at the same time another civil office of emolument. Gaal v. Townsend, 77 Tex. 464, 14 S.W. 355; Luera v. State, 63 S. W. (2) 699.

We can conceive of no basis upon which it may be said that the office of Justice of the Peace is incompatible with the office or position, as the case may be, of City Tax Collector. In this connection see Opinion No. 0-2184 of this Department, a copy of which is enclosed herewith, which holds that the office of Justice of the Peace and City Secretary of the City of Muleshoe are not incompatible. Also, see Opinion No. 0-2055 of this Department, a copy of which is enclosed herewith, which holds that there is no incompatibility in the offices of Justice of the Peace and recorder of a corporation court.

Article 380a, Vernon's Annotated Penal Code, is a part of H.B. 63, which was enacted by the 41st Legislature of Texas, Regular Session, 1929, which said House Bill reads as follows:

"PROHIBITING CERTAIN OFFICERS FROM ACTING AS COLLECTING AGENTS.
"H.B. No. 63        Chapter 227

"An act to prohibit Justices of the Peace, sheriffs, constables and other peace officers from taking for collection any claim for debt except by the process of law prescribing the duties of such officers and prescribing a penalty; providing for contingency in case any section is declared unconstitutional does not affect remainder of said Act; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. Any Justice of the Peace, sheriff, constable or other peace officer in this State, who shall receive for collection or undertake the collection of any claim for debt for others except under and by virtue of the processes of law prescribing the duties of such officers or who shall receive compensation therefor except

Honorable L. W. Vance - Page 3

as prescribed by law, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than Two Hundred Dollars nor more than Five Hundred Dollars, and in addition to such fine may be removed from office. Provided, however, that nothing herein shall be construed to prohibit any Justice of the Peace who is authorized by law to act for others in the collection of debts from undertaking such collections where the amount is beyond the jurisdiction of the Justice Court.

"Sec. 2. All laws and parts of laws in conflict herewith are hereby repealed.

"Sec. 2a. If any section or part of this Act is held to be unconstitutional it shall not affect the validity of the remaining portion of this Act.

"Sec. 3. The fact that there is now no law prohibiting peace officers from acting as collection agencies and using their official positions to extort money on unjust demands and the crowded condition of the Calendar create an imperative public necessity that the Constitutional Rule requiring that bills be read on three several days be and the same is hereby suspended, and that this Act take effect from and after its passage and it is so enacted.

". . .

"Approved March 19, 1929.
"Effective 90 days after adjournment."

As shown above, the title to the Bill is:

"PROHIBITING CERTAIN OFFICERS FROM ACTING AS COLLECTING AGENTS."

The caption states among other things:

"An Act to prohibit Justices of the Peace, sheriffs, constables and other peace officers from taking for collection any claim for debt, except by the process of law prescribing the duties of such officers, etc." (Underscoring ours)

Section 3, the emergency clause of the Act, clearly shows the intent of the Legislature and the evils which the Legislature was intending to curb, towit, the improper use of justices of the peace and peace officers of their official positions in acting as collection agencies to extort money on unjust demands.

You are respectfully advised that it is the opinion of this department:

1. The Justice of the Peace can lawfully hold the office or position (whichever it may be, a question which we are not given sufficient facts in your letter to decide and one which we also deem unnecessary to decide for the purposes of this opinion) of City Tax Collector of Talco.

2. Having decided that the Justice may also lawfully hold the office or position of City Tax Collector of Talco, it is our further opinion that his acts in collecting taxes and water bills for the City of Talco would not be contrary to the spirit and purpose of the salutary provisions of H. B. 63, supra, and would not be in violation of Article 380a, Vernon's Annotated Texas Penal Code.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                Wm. J. Fanning
                      Assistant

WJF:bt

